# United States Court of Appeals

## For the First Circuit

No. 10-1585

FIRSTBANK PUERTO RICO, INC.,

Plaintiff, Appellant,

v.

LA VIDA MERGER SUB, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Lynch, Chief Judge,
Souter, Associate Justice,[*]
and Stahl, Circuit Judge.

Graciela J. Belaval, with whom Cristina Belaval Burger and Martinez Odell & Calabria were on brief, for appellant.
R. Todd Cronan, with whom Daniel P. Roeser, Laura R. Acosta, Goodwin Procter LLP, Richard Graffam, Alejandro J. Cepada-Diaz, and McConnell Valdés, LLC, were on brief, for appellees Leeds Equity Partners IV, LP, Jeffrey T. Leeds, and Bradley Whitman.
Sergio E. Criado, with whom Harold D. Vicente and Vicente & Cuebas were on brief, for appellees Instituto de Banca y Comercio, Inc., et al.

March 16, 2011

        [*]     The Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**LYNCH**, **Chief Judge**.   On October 15, 2009, FirstBank Puerto Rico, Inc. ("FirstBank") brought claims against various defendants under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Securities Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, and Puerto Rico law.   FirstBank alleged that it held a warrant that gave it a right to acquire 15% of the common voting stock of Instituto de Banca y Comercio, Inc. ("IBC"), and that defendants engaged in a fraudulent scheme to deprive FirstBank of this interest when they participated in the sale of all outstanding shares of IBC's stock to Leeds Equity Partners IV, LP ("Leeds") as part of a merger on March 15, 2007. The alleged key to this fraudulent scheme was defendants' failure to provide FirstBank with notice and details of the sale and merger, depriving FirstBank of the opportunity to participate and redeem the value of its 15% stake in the company.   FirstBank named as defendants IBC, its president and principal shareholder, and several employee shareholders; Leeds, its general partner, and one of its agents; and a transitional holding company.

The district court held that the federal suit was time-barred by the Sarbanes-Oxley Act's two-year statute of limitations, 28 U.S.C. § 1658(b)(1), and granted the defendants' motion to dismiss. FirstBank P.R., Inc. v. Instituto de Banca y Comerico, Inc., 708 F. Supp. 2d 188, 195 (D.P.R. 2010).   The court dismissed

-2-

without prejudice FirstBank's pendent claims under Puerto Rico law. Id.

FirstBank appeals, arguing primarily that the Supreme Court's subsequent decision in Merck & Co., Inc. v. Reynolds, 130 S. Ct. 1784 (2010), requires that we reverse the judgment of the district court. Because it is clear that FirstBank's federal suit is time-barred and Merck does not alter the analysis that the district court used, we affirm.

I.

Our review of a dismissal of a complaint on statute of limitations grounds is de novo. Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 113 (1st Cir. 2009). We will affirm the dismissal "when the pleader's allegations 'leave no doubt that an asserted claim is time-barred.'" Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (quoting LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).

Pursuant to 28 U.S.C. § 1658(b), a claim under Section 10(b) and Rule 10b-5 must "be brought not later than the earlier of--(1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." Id. In Merck, the Supreme Court clarified the meaning of the term "discovery" in the first prong of this provision, holding that "a cause of action accrues (1) when the plaintiff did in fact discover, or (2) when a reasonably diligent plaintiff would have discovered, 'the facts

constituting the violation'--whichever comes first." Merck, 130 S. Ct. at 1789-90. The Court also clarified that the facts constituting the violation include "facts showing scienter." Id. at 1796.

Although this case does not require a lengthy explanation of the complex background facts, FirstBank's previous involvement in Puerto Rico court litigation with IBC is relevant. On October 5, 2007, FirstBank filed a motion in Puerto Rico court seeking to compel IBC to produce a complete version of the merger agreement.[1] This litigation is relevant as it demonstrates that FirstBank had actual notice of the merger and possessed part of the merger agreement before the trigger date for the statute of limitations in this case; FirstBank does not contest this, and in fact admits that it knew of the merger and possessed an incomplete version of the merger agreement by the summer of 2007. This litigation also makes

---

[1] FirstBank filed its motion as part of an ongoing Puerto Rico court action against IBC and its president and principal shareholder. In that action, initiated on November 9, 2005, FirstBank alleged that the defendants had engaged in a longstanding fraudulent scheme to exclude FirstBank as a holder of a contractual right to become a shareholder for less than adequate consideration. FirstBank had some measure of success. On December 20, 2006, the court entered a partial judgment in FirstBank's favor, holding that FirstBank had effectively exercised its warrant on March 17, 2004 and ordering IBC to issue the corresponding stock to FirstBank. On August 24, 2007, the Commonwealth Court of Appeals affirmed this judgment and recognized the atypical nature of a March 18, 2004 sale of IBC stock by IBC's president to a group of IBC employees--a sale that would have allowed IBC to call the warrant, terminating FirstBank's purchase rights under it.

-4-

clear that FirstBank had actual notice of what it considered to be a fraudulent scheme and defendants' scienter.

At the moment that FirstBank first knew of the merger, it necessarily also knew that it had not been told of the merger earlier. As the district court cogently held:

> FirstBank <u>knew</u> prior to October 5, 2007, that Defendants had executed the Merger Agreement and that [they] had not given FirstBank notice of said transaction. By that date, FirstBank <u>was aware</u> that Defendants purposely avoided FirstBank's participation in the Merger. Moreover, FirstBank <u>knew</u> that its Warrant had not been redeemed prior to the Merger.

<u>FirstBank</u>, 708 F. Supp. 2d at 194 (emphasis added). Those are the facts that underlie the alleged fraud at issue here.

FirstBank argues that until it received a complete and unredacted version of the merger agreement on October 17, 2007, it did not have full knowledge of all the facts that provided the basis of its suit. But it does not argue that it could not have sought and received the complete agreement earlier. And in any event, such an argument would not be germane, as it is clear that FirstBank had actual notice of the merger and events that it thought were fraudulent before October 15, 2007.

FirstBank also argues that the district court dismissed its claims on the basis of an "inquiry notice" standard for discovery that was rejected by the Supreme Court in <u>Merck</u>. FirstBank points to the Court's explanation that when determining the time at which the discovery of the relevant facts occurred,

"terms such as 'inquiry notice' and 'storm warnings' may be useful to the extent that they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating," but that "the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered 'the facts constituting the violation.'" Merck, 130 S. Ct. at 1798.

FirstBank's reliance on Merck is misplaced. The case before us is not about constructive discovery, nor is it about "storm warnings" or "inquiry notice" (although the district court did use that language in referring to the Puerto Rico court findings). Rather, this case involves FirstBank's actual notice of the facts constituting the defendants' alleged Section 10(b) and Rule 10b-5 violations, including scienter, and its failure, for whatever reason, to file suit within two years. The district court's grant of the defendants' motion to dismiss did not run afoul of Merck.

## II.

As FirstBank's own allegations leave no doubt that its suit is time-barred, the judgment of dismissal is affirmed. See Gorelik, 605 F.3d at 121.